IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

## CASE NOS. 20-4342, 21-3017, 21-3282,

Weatherford U.S., L.P., *Petitioner,* v. U.S. Department of Labor,
Administrative Review Board, *Respondent,*
v.
Estate of Daniel A. Ayres, *Intervenor.*

Consolidated with

Estate of Daniel A. Ayres, *Petitioner,* v. U.S. Department of Labor,
Administrative Review Board, *Respondent,*
v.
Weatherford U.S., L.P., *Intervenor.*

On Appeal from Administrative Review Board Case Nos.
ARB 2018-0006 and ARB 2018-0074

## FOURTH BRIEF SUBMITTED BY
## THE ESTATE OF DANIEL A. AYRES

*/s/Martin S. Hume*

Martin S. Hume (0020422)

Martin S. Hume Co., L.P.A

6 Central Square, Suite 905

Youngstown, OH 44504

Telephone:  330-746-8491

Facsimile:   330-746-8493

Email: mhume1@ameritech.net

*Attorney for the Estate of Daniel A. Ayres*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES…………………………………………………3

SUMMARY OF ARGUMENT…………………………………….…………5

ARGUMENT……………………………………………………..…….…..7

    I.    THE ARB ERRED WHEN IT REVERSED THE ALJ'S
    AWARD OF PUNITIVE DAMAGES……………...……….………7

    A. Ayres properly made a demand for punitive damages………..…7
    B. The ALJ's award of punitive damages was supported by
       substantial evidence…………………………………………....7
    C. The punitive damages remedy included in the STAA is
       part of a remdial statutory scheme and therefore the right
       to recover such damages did not abate upon the death of
       Daniel A. Ayres………………………………………………....9

    II.    AYRES' STAA CLAIM WAS NOT BARRED UNDER
    PRINCIPLES OF COLLATERAL ESTOPPEL AND/OR RES
    JUDICATA ………………………….………………………….…..11

    A. The ARB's legal conclusions must be sustained unless they are
       arbitrary, capricious, an abuse of discretion, or otherwise not in
       accordance with law…………………………….……………..11
    B. Weatherford waived the defense of res judicata…………………13
    C. Weatherford acquiesced to the splitting of Ayres' claims……….14
    D. The present case is factually and legally distinguishable
       from cases where res judicata was applied…………..………..17
    E. Administrative claims are not precluded where the burden
       of proof was significantly higher, and/or the precise issue was
       not decided…………………………………………………19
    F. Res judicata applies only when there has been a final
       decision on the merits…………………………………………21
    G. Res judicata does not apply to claims that were not ripe
       for review in a previous action…………….………………..23

CONCLUSION……………………………………...……………………24
CERTIFICATION OF COMPLIANCE…………………………………….26
CERTIFICATE OF SERVICE……………………………………….....27

# TABLE OF AUTHORITIES

**Cases**

*Abbs v. Conway Freight, Inc*., ARB-08-017 (2010)...................................................19

*Boggs v. City of Cleveland*, 655 F.3d 516, 521 (6th Cir. 2011) ..............................18

*Bunker Ramo Corp. v. United Business Forms*, 713 F. 2d 1272

   (7th Cir. 1983). ……………………………………………………………..21

*Caldwell v. North American Coal Corp*., No. 80-350 BLA, 4 Black Lung Rep.

   (MB) 1-135, 1-138 (1981) ....................................................................................13

*Calmat Co. v. U.S. Dept. of Labor*, 364 F.3d 1117 (2004).....................................12

*Costello v. United States*, 365 U.S. 265, 284–88, 81 S.Ct. 534, 544–46, 5 L.Ed.2d

   551 (1961)...........................................................................................................21

*Davis v. Sun Oil Co*., 148 F.3d 606, 611 (6th Cir. 1998) ........................................14

*Elkhorn Eagle Mining Co. v. Higgins*, 811 Fed.Appx. 318 (6th Cir. 2020)…… 6,13

*Ewald v. Commonwealth of Virginia*, 89-SDW-1 (1995).........................................19

*Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir.1992) ..............................................23

*Murphy v. Household Fin. Corp*., 560 F. 2d 206 (6th Cir. 1977) ……………….5, 9

*Parchman v, SLM Corporation*, 896 F. 3d 728 (6th Cir. 2018)………………….5, 9

*Pauley v. Consol. Coal Co*., No. 17-0554 BLA, at n.1 (2018)................................13

*Pizlo v. Bethlehem Steel Corp*., 884 F.2d 116, 119 (4th Cir.1989) ........................21

*Rawe v. Liberty Mutual Fire Insurance*, 462 F.3d 521 (6th Cir. 2006) .................23

*Remus Joint Venture v. McAnally*, 116 F.3d 180, 184, footnote 5 (6th Cir. 1997) .22

*Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029 (6th Cir. 1998) ...........................17

*United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37, 73 S.Ct. 67, 97

L.Ed. 54 (1952) ....................................................................................................13

*Whitfield v. City of Knoxville*, 756 F.2d 455, 460 (6th Cir. 1985)..........................23

*Wilkins v. Jakeway*, 183 F.3d 528 (1999) ................................................................21

*Young & Co. v. Shea*, 397 F.2d 185 (1968) .............................................................19

**Statutes**

49 U.S.C.A. § 31105(a) ............................................................................................12

5 U.S.C.A. § 706(2) ..................................................................................................12

**Treatises**

18 Charles Alan Wright, Arthur R. Miller, And Edward H. Cooper, Federal

Practice And Procedure § 4409 (2d ed. 2002)........................................................23

18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice

and Procedure § 4421, at 207 (2d ed. 1981) ..........................................................22

Restatement (Second) of Judgments § 13.................................................................21

Restatement (Second) of Judgments § 20, cmt. e, illus. 4 (1982) ...........................22

Restatement (Second) of Judgments §§ 20(1)(a)......................................................21

Restatement (Second) of Judgments, § 20................................................................22

## SUMMARY OF ARGUMENT

In 2007, Congress amended the Surface Transportation Assistance Act (STAA) by, among other changes, adding punitive damages as an additional remedy for violations of the act. The purpose of the amendment was to encourage reporting of transportation related safety violations and protect whistleblowers from retaliation by their employers.  However, the additional remedy did not change the character of the STAA as a remedial law.

The Sixth Circuit has established that under federal common law, the question of whether a claim survives is determined by applying the test established in the case of *Murphy v. Household Fin. Corp.*, 560 F. 2d 206 (6th Cir. 1977) and specifically adopted as the basis to determine when a claim survives the death of a claimant in *Parchman v, SLM Corporation*, 896 F. 3d 728 (6th Cir. 2018).

Neither Weatherford nor the Department of Labor (DOL) challenge the applicability of the *Murphy/Parchman* decision-making framework to the facts of this case.  However, the other parties totally fail to argue or demonstrate how, after applying the *Murphy/Parchman* factors, the court can come to any conclusion other than that the entirety of Ayres' STAA claim, including the punitive damages remedy, survived the death of Daniel A. Ayres.

The ARB properly found that Ayres' STAA claim was not barred under the doctrine of collateral estoppel.  This decision was consistent with prior ARB decisions and federal law.  The ARB did not consider the issue of whether res judicata was a bar to Ayres' claim because Weatherford did not raise this issue in its petition for review or initial brief to the ARB.

Weatherford points to its reply brief to the ARB, where res judicata is mentioned.  However, raising an issue in a reply brief to the ARB is insufficient to allow this court to consider it.  *Elkhorn Eagle Mining Co. v. Higgins*, 811 Fed.Appx. 318 (6th Cir. 2020).  Therefore, the issue of whether res judicata should be applied to bar Ayres' STAA claim is not properly before the court.

Even if the defense of res judicata was not waived, it would not apply in this case because: (1)  Weatherford acquiesced in Ayres' maintenance of separate claims in federal court and with the Department of Labor in the administrative process; (2) Ayres diligently pursued all his claims and, under the facts of this case, could not have filed his STAA claims in the district court; (3)  administrative claims are not precluded by res judicata in cases where the burden of proof in another matter was significantly higher, or the precise issue was not decided; (4) res judicata applies only when there has been a final decision on the merits; (5) res judicata does not apply to claims that were not

ripe for review in a previous action; and (6) the binding effect of res judicata

does not to apply when fairness and justice would not support it.

## **ARGUMENT**

I.      THE ARB ERRED WHEN IT REVERSED THE ALJ'S AWARD OF

PUNITIVE DAMAGES.

A. AYRES PROPERLY MADE A DEMAND FOR PUNITIVE

DAMAGES.

Weatherford contends that "Ayres failed to request punitive damages at any

time during the proceedings." (Weatherford Third Brief at p. 30). This is simply

not true. Ayres' Complaint to the Department of Labor contains a specific request

for an award of punitive damages. In the prayer for relief contained in his

Complaint filed on February 15, 2013, among other relief Ayres requested "an

award of liquidated, punitive and compensatory damages." He further requested,

"such other relief as may be necessary and proper under the circumstances."

(Complaint, Appx. Vol. VI, pp. 1086-1089 at 1089). Thus, it is clear that Ayres

made a claim for punitive damages and this claim was never waived.

B. THE ALJ'S AWARD OF PUNITIVE DAMAGES WAS SUPPORTED

BY SUBSTANTIAL EVIDENCE.

In arguing that the ALJ's award of punitive damages was not supported by

the evidence, Weatherford contends that district manager Terry Crabb's threats to

fire anyone who complained to Weatherford's human relations department, "were

not to be taken literally." (Weatherford, Third Brief at p. 31).

To the contrary, the evidence in the record shows that employees did take

the threats seriously. Brian Gould, Ayres' coworker, testified about the meeting

where Crabb made the threats. He stated:

> We're out there, and we all got called in and had a meeting and, you
> know, there were a lot of people complaining about… the work
> conditions and things like that. Well, [Crabb] came up—if I hear
> anybody… calling HR, your ass is going to be gone, just consider
> your job terminated. You know, it was a threat, basically." (Gould,
> Appx., Vol. II, p. 352).

When Gould was asked if he was aware of Ayres' concerns that he was

being asked to drive outside his CDL certification stated:

> Oh yeah;..everybody felt entrapped…It was like either you did this or
> you lose your job…you can't go and call HR. You're definitely
> losing your job…It made work conditions harsh. (Gould, Appx., Vol.
> II, p. 351).

In making the award of punitive damages, the ALJ noted that, "the culture at

Williston…was rife with disgruntled workers who feared that if they took their

safety concerns too far up the chain of command—i.e. above Crabb's head—they

would face dismissal. Crabb did not deny that he threatened as much. The threat

took place at a meeting of workers, not just in an isolated conversation." (ALJ

Decision, Appx. Vol. I, pp. 277-278). This finding, together with evidence that

Weatherford never investigated any of Ayres' allegations of violation of DOT

regulations nor disciplined Crabb for making the threats, supports the ALJ's finding that Weatherford acted with reckless or callous disregard for Ayres' rights under the STAA. This is particularly so because the whistleblower provisions of the STAA were enacted to "ensure that employees can report their concerns without fear of possible retaliation or discrimination from employers." Conference Report 110-259, 110th Congress, 1st Session, Section 1536, July 25, 2007. Where Weatherford threatened its employees with discharge for reporting safety violations, and in Ayres' case did so, it demonstrated such reckless or callous disregard for the rights of its employees that a punitive damage award was fully justified and proper.

C. THE PUNITIVE DAMAGES REMEDY INCLUDED IN THE STAA IS PART OF A REMEDIAL STATUTORY SCHEME AND THEREFORE THE RIGHT TO RECOVER SUCH DAMAGES DID NOT ABATE UPON THE DEATH OF DANIEL A. AYRES.

Neither Weatherford nor the DOL contest the decision-making framework outlined in Ayres' Second Brief which describes the factors the court must consider in order to determine whether the punitive damages remedy, as expressly authorized in the STAA, survived after the death of Daniel A. Ayres. The other parties do not attempt to distinguish or deny the applicability of the cases of *Murphy v. Household Fin. Corp.*, 560 F. 2d 206 (6th Cir. 1977) and *Parchman v,*

*SLM Corporation*, 896 F. 3d 728 (6th Cir. 2018), to the determination the court

must make in this case.  Nor do the other parties attempt to demonstrate how, after

application of the factors described in *Murphy* and *Parchman*, the court might

come to a different conclusion than the one advocated by Ayres.  Finally, neither

party attempts to argue any policy reason why the abatement of the award of

punitive damages is fair or just.

Weatherford argues that the facts of the case do not justify an award of

punitive damages, but that issue is not before the court.  The sole issue presented in

Ayres' petition for review is whether the ARB erred in finding Weatherford could

no longer be held liable for punitive damages following the death of Daniel A.

Ayres. This is clearly a legal, not a factual issue.

The DOL cites some cases holding that claims for punitive damages do not

survive the death of the claimant, and Ayres does not dispute that those cases exist.

However, in not one of those cases did the court conduct a *Murphy/Parchman*

analysis to reach its conclusion.  Sixth Circuit case law makes it clear that the

determination of whether a claim survives death should be determined using the

*Murphy/Parchman* factors.

Applying the *Murphy/Parchman* factors in this case leads to the conclusion

that the STAA is a remedial statute and Ayres' STAA claim survived his death.

Under *Murphy/Parchman* analysis, once that determination is made, then all

remedies provided under the statute also survive, including those for liquidated, exemplary and/or punitive damages, so long as they are not disproportionate to the amount of the claim.

Survival of the punitive damages remedy is just and proper, as Weatherford should not be relieved of the obligation to pay a properly assessed punitive damages award simply because of the unfortunate death of the victim of its egregious conduct. Ayres' survivors, his wife and children, undoubtedly suffered harm due to Weatherford's callous disregard for Ayres' STAA protected rights and Weatherford, the wrongdoer, should not be permitted to be unjustly enriched at their expense.

In order to accomplish the goals of the STAA, and in accordance with common law principles for determining survival of actions, this court should reverse the decision of the ARB finding that the right to an award of punitive damages, as expressly authorized in the STAA, abated upon the death of Daniel A. Ayres.

II.    AYRES' STAA CLAIM WAS NOT BARRED UNDER PRINCIPLES OF COLLATERAL ESTOPPEL AND/OR RES JUDICATA.

A.  THE ARB'S LEGAL CONCLUSIONS MUST BE SUSTAINED UNLESS THEY ARE ARBITRARY, CAPRICIOUS, AN ABUSE OF

DISCRETION, OR OTHERWISE NOT IN ACCORDANCE WITH
LAW.

The Court of Appeals reviews the Department of Labor (DOL)
Administrative Review Board's (ARB) decision in a Surface Transportation
Assistance Act (STAA) whistleblower case in accordance with the Administrative
Procedure Act (APA), under which the ARB's legal conclusions must be sustained
unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in
accordance with law.  49 U.S.C.A. § 31105(a); 5 U.S.C.A. § 706(2).  *Calmat Co.
v. U.S. Dept. of Labor*, 364 F.3d 1117 (2004).  In this case, the ARB decision that
Ayres' STAA claim was not barred on the grounds of collateral estoppel was well
reasoned, consistent with prior decisions, and in accordance with the applicable
law.  Therefore, the ARB's decision must be affirmed.

The ARB found that collateral estoppel (issue preclusion) did not apply
because: (1) the District Court did not consider the merits of Ayres' whistleblower
claim; (2) the precise issue raised in the present STAA claim was not actually
litigated in the Fair Labor Standards Act (FLSA) claim before the District Court;
and (3) the STAA involves a different standard of proof from that which the
District Court applied in the FLSA claim.  (ALJ Decision, Appx., Vol. I, p. 267,
ALJ Order Denying Motion to Dismiss, Appx., Vol. II, pp. 314-318, ARB
Decision and Order, Appx., Vol. XIII. Pp. 2087-2088).  The ARB did not

specifically address the applicability of res judicata (claim preclusion) because Weatherford did not argue that res judicata applied in its pleadings before the Administrative Law Judge or in its petition for review or initial brief asking the ARB to reverse the decision of the ALJ.

### B. WEATHERFORD WAIVED THE DEFENSE OF RES JUDICATA.

In response to the arguments of Ayres and the DOL that Weatherford waived the defense of res judicata by failing to assert the defense before the ALJ or the ARB, Weatherford now argues that it raised the issue of res judicata in its reply brief to the ARB. However, black letter law in this jurisdiction holds that raising a new issue in a reply brief before the ARB is insufficient to preserve the issue for later judicial review.

In the case of *Elkhorn Eagle Mining Co. v. Higgins*, 811 Fed.Appx. 318 (6th Cir. 2020), the court stated:

> [A] party forfeits an issue when it raises a challenge for the first time several months after the party filed its opening brief. See, e.g., Pauley v. Consol. Coal Co., No. 17-0554 BLA, at n.1 (2018) ("Because employer did not raise the Appointments Clause issue in its opening brief, it waived the issue"); *Caldwell v. North American Coal Corp*., No. 80-350 BLA, 4 Black Lung Rep. (MB) 1-135, 1-138 (1981) ("Because this argument was raised for the first time in claimant's reply brief, we do not address it."); …We recently affirmed that a party must "raise an issue with an agency 'at the time appropriate under its practice' in order to preserve the issue for judicial review." *Bryan*, 937 F.3d at 750 (citing *United States v. L.A. Tucker Truck Lines, Inc*., 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952)). The Board has consistently held that parties forfeit an argument when they fail to raise it in their opening brief. This court recognized that in

*Young*, affirming that claims before the Board must be raised in a party's opening brief. *Young*, 947 F.3d at 402. Consequently, we hold that Elkhorn forfeited its Appointments Clause challenge when it failed to raise the issue in its opening brief before the Board.

In the present case, the applicable administrative regulation, 1978.110(a), requires any party desiring to seek review, including judicial review, of a decision of the ALJ must file a written petition for review with the ARB and identify in the petition for review the legal conclusions or orders to which they object.  As Weatherford failed to raise the issue of res judicata before the ALJ, in its petition for review by the ARB, or in its initial brief to the ARB, Weatherford waived the right to argue before this court that the doctrine of res judicata should be applied to bar Ayres' STAA claim.

## C.  WEATHERFORD ACQUIESCED TO THE SPLITTING OF AYRES' CLAIMS.

Weatherford did not raise the defense of res judicata earlier in the litigation because Weatherford acquiesced to Ayres pursuing his non-STAA claims in court while leaving the STAA claims in the statutorily mandated administrative process. In *Davis v. Sun Oil Co*., 148 F.3d 606, 611 (6th Cir. 1998), the Sixth Circuit recognized that there is an exception to the rule that all existing claims arising out of a transaction merge into a judgment, "where 'the parties have agreed in terms or effect that the plaintiff may split his claim, or the defendant has acquiesced

therein.'" 148 F. 3d at 612. The court cited with approval Section 26 of the

Restatement of Judgments, which states:

> EXCEPTIONS TO THE GENERAL RULE CONCERNING
> SPLITTING
>
> (1) When any of the following circumstances exists, the general rule
> of § 24 does not apply to extinguish the claim, and part or all of the
> claim subsists as a possible basis for a second action by the plaintiff
> against the defendant:
>
> (a) The parties have agreed in terms or in effect that the plaintiff may
> split his claim, or the defendant has acquiesced therein....
>
> The accompanying comment states in part:
>
> A main purpose of the general rule stated in § 24 is to protect the
> defendant from being harassed by repetitive actions based on the same
> claim. The rule is thus not applicable where the defendant consents, in
> express words or otherwise, to the splitting of the claim.... Where the
> plaintiff is simultaneously maintaining separate actions based upon
> parts of the same claim, and in neither action does the defendant make
> the objection that another action is pending based on the same claim,
> judgment in one of the actions does not preclude the plaintiff from
> proceeding and obtaining judgment in the other action. The failure of
> the defendant to object to the splitting of the plaintiff's claim is
> effective as an acquiescence in the splitting of the claim. (emphasis
> added)

In this case, Weatherford was fully aware that Ayres had filed and was

maintaining separate actions in federal court and with the Department of Labor and

never objected to the splitting of Ayres' claims. The same attorneys represented

Weatherford in both matters. When Weatherford removed Ayres' state filed

complaint to federal district court, it failed to list Ayres' STAA administrative

complaint as a related proceeding in its case management forms.  See Docket in

Case No. 4:13-cv-00600, Docket #1-1, filed 3/20/2013.  In neither proceeding did

Weatherford object to Ayres' maintenance of separate claims.  In the case

management documents filed with the U.S. District court, Weatherford specifically

agreed to recommend to the federal district court that amendments to the pleadings

be completed by August 13, 2013, a date that preceded the 210 days necessary to

allow Ayres to file his STAA claims in court.  See Docket in Case No. 4:13-cv-

00600, Docket #8, filed 5/09/2013.  Despite the parties' joint recommendation, the

court selected an even earlier date, July 1, 2013, as the deadline for amendment of

the pleadings.  See Docket in Case No. 4:13-cv-00600, Docket #9, filed 5/21/2013.

As the agreed deadline for amending pleadings would not allow Ayres to add his

STAA related charges to his pending federal civil action, and Weatherford was

fully aware at the time of the pending STAA administrative claim, Weatherford

acquiesced in Ayres' maintaining his separate claims.  Thus, even if Weatherford

did not waive the right to assert the defense, res judicata does not bar Ayres'

STAA claims because Weatherford acquiesced in Ayres' maintaining separate

claims.

D. THE PRESENT CASE IS FACTUALLY AND LEGALLY
   DISTINGUISHABLE FROM CASES WHERE RES JUDICATA WAS
   APPLIED.

Ayres acknowledges that there is a line of cases holding that a plaintiff must
bring all claims, including those in which there is a requirement to exhaust
administrative remedies, in one action, and if the plaintiff fails to do so, res
judicata may be applied to extinguish all claims, whether or not they were included
his complaint.  See *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029 (6th Cir.
1998).  However, those cases are distinguishable from this case.

In *Rivers*, the court found the case for application of res judicata compelling
because Rivers pleaded the Title VII theory from the start, and there would have
been no requirement for her to seek leave to amend her complaint. The court found
that because she filed her Rivers I complaint more than 180 days after she filed her
claim with the EEOC, she had a right under the statute to obtain her letter forthwith
simply upon request.

In the present case, Ayres did not include his STAA claim in his court
complaint, and at the time he filed his court complaint, his administrative STAA
complaint had not been pending for 210 days.  Further, the district court set a
deadline for amending the pleadings that expired less than 210 days after the filing
of Ayres' STAA administrative complaint.  In cases where res judicata was

applied, the court found that the party against whom the doctrine was asserted

failed to diligently pursue all their claims.  No such finding can be made in this

case.  Ayres diligently pursued all his claims and abided by all court orders,

administrative orders, deadlines, and rules.  Ayres cannot be punished for abiding

by the deadlines set by the district court because, "[t]he binding effect of res

judicata has been held not to apply when fairness and justice would not support it,"

*Boggs v. City of Cleveland*, 655 F.3d 516, 521 (6th Cir. 2011).  Such is the case

here.

None of the prior cases applying res judicata involved claims under the

STAA.  The express text of the STAA reflects Congress' intent that STAA claims

may not be deemed to be waived.  The STAA states in relevant part:

> (f) NO PREEMPTION. - Nothing in this section preempts or
> diminishes any other safeguards against discrimination, demotion,
> discharge, suspension, threats, harassment, reprimand, retaliation, or
> any other manner of discrimination provided by Federal or State law.

> (g) RIGHTS RETAINED BY EMPLOYEE. - Nothing in this section
> shall be deemed to diminish the rights, privileges, or remedies of any
> employee under any Federal or State law or under any collective
> bargaining agreement. **The rights and remedies in this section may
> not be waived** by any agreement, policy, form, or condition of
> employment. (emphasis added)

Thus, Congress clearly expressed its intent that claims under the

whistleblower protection provisions of the STAA may not be waived.  This

demonstrates that it would not be proper to expand the scope of res judicata to bar

Ayres' administrative complaint made pursuant to the whistleblower provisions of the STAA. The STAA's statutory scheme includes a longer period of exclusive administrative jurisdiction than is contained in other civil rights statutes. Ayres wanted his job back and was not interested in delaying any of the proceedings. As the STAA expressly states that the rights and remedies provided are non-exclusive and may not be waived, it would not be proper to apply res judicata to bar Ayres' STAA claim in this case.

E. ADMINISTRATIVE CLAIMS ARE NOT PRECLUDED UNDER PRINCIPLES OF RES JUDICATA OR COLLATERAL ESTOPPEL WHERE THE BURDEN OF PROOF WAS SIGNIFICANTLY HIGHER, AND/OR THE PRECISE ISSUE WAS NOT DECIDED.

The Department of Labor has consistently held that administrative claims are not precluded under principles of res judicata or collateral estoppel where the burden of proof was significantly higher, or the precise issue presented in the administrative case was not decided in another case. *Ewald v. Commonwealth of Virginia*, 89-SDW-1 (1995). *Abbs v. Conway Freight, Inc*., ARB-08-017 (2010). The same decision of the ARB in this case is fully supported by federal law.

In the case of *Young & Co. v. Shea*, 397 F.2d 185 (1968), the court held:

> [T]he fact that a worker could not convince a jury that he had suffered an injury should not estop him from attempting to convince a Commissioner that he was injured inasmuch as the standard of persuasion is less before the Commissioner than before the court.

> Therefore, since we are persuaded that the applicable legal rules
> enable a claimant to establish the existence of an actionable injury
> before the Commissioner more easily than in a civil tort action, we
> agree with the district court that on the facts of this case the doctrine
> of collateral estoppel is inapplicable. *Young* at p. 189.

The present case is substantially different from cases where res judicata was applied as a bar, because in this case, Ayres never filed a second lawsuit. Ayres timely filed his administrative claim with the Department of Labor as required by statute and proceeded with the administrative claim to its conclusion. Prior to the U.S. District Court entering summary judgment in favor of Weatherford, the Administrative Law Judge in the administrative case expressly denied Weatherford's motion for summary decision, finding there were genuine issues of material fact to be determined. (ALJ's Order Denying Respondent's Motion for Summary Decision, Appx., Vol. V, pp. 919-924). Further, prior to the entry of summary judgment by the district court, the Administrative Law Judge had conducted an evidentiary hearing on the merits of Ayres' STAA claim, but not yet decided the case.

Ayres did nothing wrong, nor did he waive his rights pursuant to the STAA, when he pursued his STAA claim on the administrative track rather than abandoning the nearly completed administrative process. As the ARB decision finding Ayres' claim was not barred is consistent with its prior decisions and in accordance with law, it must be affirmed.

## F.  RES JUDICATA APPLIES ONLY WHEN THERE HAS BEEN A FINAL DECISION ON THE MERITS.

The principles of res judicata apply only when a final judgment has been rendered. Restatement (Second) of Judgments § 13, *Wilkins v. Jakeway*, 183 F.3d 528 (1999).  The summary judgment granted by the district court did not constitute a final decision on the merits because Ayres' state (OWPA) whistleblower claims based on his reporting Weatherford's violation of Department of Transportation regulations were dismissed on jurisdictional grounds, other than on the merits.  A dismissal other than one on the merits merely precludes relitigation of the issues decided. *Bunker Ramo Corp. v. United Business Forms*, 713 F. 2d 1272 (7th Cir. 1983).  A dismissal for lack of subject matter jurisdiction is not on the merits and consequently will not bar a later suit. *Costello v. United States*, 365 U.S. 265, 284–88, 81 S.Ct. 534, 544–46, 5 L.Ed.2d 551 (1961); See Restatement (Second) of Judgments §§ 20(1)(a).

When a district court's ruling rests on alternative grounds, at least one of which is based on the inability of the court to reach the merits, the judgment should not act as a bar in a future action. *Pizlo v. Bethlehem Steel Corp*., 884 F.2d 116, 119 (4th Cir.1989) ("When a dismissal is based on two determinations, one of which would not render the judgment a bar to another action on the same claim, the dismissal should not operate as a bar.") (citing Restatement (second) of

Judgments § 20, cmt. e, illus. 4 (1982)); 18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 4421, at 207 (2d ed. 1981) ("If a first decision is supported both by findings that deny the power of the court to decide the case on the merits and by findings that go to the merits, preclusion is inappropriate as to the findings on the merits."). *Remus Joint Venture v. McAnally*, 116 F.3d 180, 184, footnote 5 (6th Cir. 1997). Thus, the district court decision did not preclude Ayres' STAA claim because dismissal of his whistleblower claims was clearly not on the merits.

Further, where the district court's decision rested on multiple grounds and Ayres' whistleblower claims were dismissed other than on the merits, it was not necessary for Ayres to appeal the district court decision in order to avoid the application of res judicata. The Restatement of Judgments, Second § 20 states, "of critical importance, the losing party, although entitled to appeal from both determinations, may be dissuaded from doing so as to the determination going to the 'merits' because the alternative determination, which in itself does not preclude a second action, is clearly correct. The rules of res judicata should not encourage or foster appeals in such instances." "[N]eedless appeals, wasted judicial resources and increased legal expenses to the parties would necessarily result" from requiring appeals in these circumstances." *Pizlo*, 884 F.2d at 119.

### G. RES JUDICATA DOES NOT APPLY TO CLAIMS THAT WERE NOT RIPE FOR REVIEW IN A PREVIOUS ACTION.

It is undisputed that Ayres could not have filed his STAA complaint at the same time as his civil action or at any time prior to the district court's deadline for amendment of pleadings because the STAA requires a 210 day period after filing an administrative STAA whistleblower claim before one may file a district court complaint. Res judicata does not apply to claims that were not ripe for review in a previous action. See *Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir.1992).

In *Rawe v. Liberty Mutual Fire Insurance*, 462 F.3d 521 (6th Cir. 2006), this court rejected the application of res judicata where the defendant contended that the plaintiff could have amended his complaint to include the previously unripe claims. Instead, the court followed the majority rule articulated by the Wright and Miller treatise "that an action need include only the portions of the claim due at the time of commencing that action," because "the opportunity to file a supplemental complaint is not an obligation." 18 Charles Alan Wright, Arthur R. Miller, And Edward H. Cooper, Federal Practice And Procedure § 4409 (2d ed. 2002).

In the case of *Whitfield v. City of Knoxville*, 756 F.2d 455, 460 (6th Cir. 1985), it was held that res judicata did not apply where an ADEA claim could not have been raised in a state court action because the state case was decided before the right to file the federal claim accrued. In this case, although the federal district

court case was not decided prior to the time Ayres' right to file an STAA action in court accrued, the district court, with the acquiescence of Weatherford, set a deadline for amending the pleadings that expired prior to the time that Ayres' STAA claim could have been filed or was ripe for court review. Thus, under the particular facts of this case, Ayres did not have a full and fair opportunity to file his STAA claim in the district court and therefore his administrative STAA claim was not barred by principles of res judicata. See Restatement of Judgments (Second) Section 26 (1)(c) (claim not precluded where formal barriers existed against full presentation of claim in the first action).

## <u>CONCLUSION</u>

For the reasons stated herein and in Ayres' Second Brief, the ARB's Decision and Order finding Weatherford violated the whistleblower provisions of the STAA and awarding Ayres back pay with interest, compensatory damages, and his attorney fees and costs must be affirmed.

However, the ARB erroneously determined that punitive damages could not be recovered by the Estate of Daniel A. Ayres. Therefore, the Estate of Daniel A. Ayres respectfully requests that this court reverse the ARB's Decision and Order on punitive damages and Order that the ALJ's award of punitive damages be reinstated.

Respectfully submitted,

/s/ Martin S. Hume_____
Martin S. Hume (0020422)
Martin S. Hume Co., L.P.A.
Attorney for the Estate of Daniel A.
Ayres
6 Central Square, Suite 905
Youngstown, OH  44503
Phone:  330-746-8491
Fax: 330-746-8493
Email:  mhume1@ameritech.net

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure and 6 Cir. R. 31(g)(1) and 6. Cir. R. 32 (a), the undersigned counsel, relying on the word count of the word-processing system used to prepare this document, certified that the foregoing complies with the 6,500 word count limit, as the sections Summary of Argument through Conclusion contain 4,795 words.

*/s/Martin S. Hume*
Martin S. Hume (0020422)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on this 13TH day of October, 2022. Notice of this filing will be sent to all parties, when applicable, by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via regular United States Mail, postage prepaid, upon the following:

Linda H. Wiles
U.S. Department of Labor
Office of the Solicitor/OHS Division
200 Constitution Avenue, N.W., Suite S-4004
Washington, D.C. 20210

*Attorney for the Department of Labor,*
*Administrative Review Board*

David A. Campbell, III
Donald Slezak
Andrea Arnold
Lewis Brisbois Bisgaard & Smith, LLP
1375 East Ninth Street
Suite 2250
Cleveland, OH 44114

*Attorneys for Weatherford U.S., L.P.*

/s/Martin S. Hume
Martin S. Hume (0020422)